Garcia v Cali CW Realty Assoc., L.P. (2024 NY Slip Op 04457)

Garcia v Cali CW Realty Assoc., L.P.

2024 NY Slip Op 04457

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-03629
 (Index No. 68297/19)

[*1]Marisela Garcia, respondent, 
v
Cali CW Realty Associates, L.P., appellant, et al., defendant.

Clark Guldin, New York, NY (Jonathan T. Guldin and Debora A. Pitman of counsel), for appellant.
StolzenbergCortelli, LLP, White Plains, NY (Terrence James Cortelli of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Cali CW Realty Associates, L.P., appeals from an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated March 31, 2023. The order granted the plaintiff's motion for leave to reargue her opposition to that defendant's prior motion pursuant to CPLR 3211(a)(5) to dismiss the complaint, which had been granted in an order of the same court (Sam D. Walker, J.) dated September 30, 2022, and those branches of her prior cross-motion which were for leave to amend the complaint and to strike that defendant's affirmative defense alleging that the action was time-barred, which had been denied in that same order, and, upon reargument, in effect, vacated the order dated September 30, 2022, and, thereupon, denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint and granted those branches of the plaintiff's cross-motion which were for leave to amend the complaint and to strike that defendant's affirmative defense alleging that the action was time-barred.
ORDERED that the order dated March 31, 2023, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the plaintiff's motion for leave to reargue is denied, and the order dated September 30, 2022, is reinstated.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "While the determination to grant leave to reargue lies within the sound discretion of the court, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (Emigrant Bank v Kaufman, 223 AD3d 650, 652 [citation and internal quotation marks omitted]; see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773).
Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to reargue, since the plaintiff failed to show that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (see CPLR 2221[d][2]; Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d at 773).
In light of the foregoing, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court